UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT FRANKLIN, JR.** | **CIVIL ACTION NO. 07-1388-P** |
| **VERSUS** | **JUDGE WALTER** |
| **DOCTOR BELCHER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Robert Franklin, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 21, 2007. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he alleges his civil rights were violated by prison officials. He names Doctor Belcher, Pam Hearn, Venetia Michael, Richard Stalder, Kathleen Blanco and XYZ Insurance Company as defendants.

Plaintiff claims that on October 6, 2006, he injured his left knee while playing flag football. He claims his knee began to swell immediately. He claims he was examined by the nurse and then transported to E.A. Conway Hospital.

Plaintiff claims that while at the hospital, the medical staff X-rayed his knee. He claims his knee continued to swell and the pain was intense. He claims Doctor Belcher

informed him that the X-rays were negative and there was nothing wrong with his knee. He claims he was discharged from the hospital and released to prison officials. He claims he was given a brace and pain medication for seven days.

Plaintiff claims that on October 12, 2006, he returned to the hospital for an examination. He claims a different doctor informed him that he may have bone fragments in his left knee. He claims the doctor instructed him to continue to use the brace which was issued to him during his initial visit.

Plaintiff claims that on October 23, 2006, he returned to the hospital for an examination. He claims Dr. Belcher informed him again that he did not have an injury. He claims that on November 16, 2006, he returned to the hospital for an examination. He claims he was told that he had no injuries which required medical treatment.

Plaintiff claims that on December 14, 2006, he returned to the hospital for an examination. He claims he informed Dr. Belcher that he had limited mobility, pinching pain, severe swelling and overall unbearable pain in his left knee. He claims Dr. Belcher insisted that there was nothing wrong with his knee and refused to properly examine him. He claims Dr. Belcher informed the prison officials that he was healed and physically able to perform regular duties. He claims the prison officials then took away his crutches.

Plaintiff claims that on December 15, 2006, he submitted a request for medical treatment because of pain and swelling in his left knee. He claims he was unable to perform regular work assignments. He claims Nurse Jackson examined him and informed him that

his left knee was swollen and had fluid on it. He claims Nurse Jackson reissued his crutches and issued a ten day duty status which restricted his work assignment. He claims the prison physician reviewed and approved the duty status. He claims Nurse Jackson recommended additional X-rays and that he be examined by the medical director. He claims that on December 22, 2006, he was summoned to the medical department for X-rays.

Plaintiff claims he made numerous requests for medical assistance and treatment. He claims he continued to suffer because the prison officials said they could not override the opinion of Dr. Belcher.

Plaintiff claims that on December 27, 2006, he submitted a request for medical treatment because he was unable to walk without assistance and the pain in his knee was unbearable. He contends his injury was compounded by his work duty and assignments. Plaintiff claims Nurse Sue Odom examined him and determined that he needed a duty restriction. He claims she reissued his crutches and gave him a seven day duty status.

Plaintiff claims that on January 5, 2007, he requested medical treatment because of limited mobility and severe pain in his left leg. He claims the medical staff denied him treatment because they said he did not want to work. He claims the nurse did not even look at his leg which was swollen and deformed.

Plaintiff claims that on January 10, 2007, he asked Pam Austin to intervene because the medical staff was refusing him treatment and his condition was deteriorating. He claims

Pam Austin responded that she concurred with the medical staff and could not override a doctor's diagnosis.

Plaintiff claims that on January 11, 2007, he requested medical treatment and was denied.

Plaintiff claims that on November 27, 2007, Dr. Singsong informed him that he has a cyst between the joints connecting the thigh and lower leg bones and a bruised tendon. He claims Dr. Singsong asked him if he needed pain medication. He claims he told Dr. Singsong that he would continue to get pain medication from security and/or the canteen.

Plaintiff claims his knee pops when he moves. He further claims his knee is always swollen. He claims that when he walks and stands, it feels as if bones are rubbing together. He also claims he suffers from weakness and muscle twitching.

Accordingly, Plaintiff seeks monetary damages and injunctive relief.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Finally, a prisoner must also allege an injury that is more than de minimis, although it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that

an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was seen by the medical staff at the infirmary and doctors at E. A. Conway Hospital on numerous occasions. He admits he received X-rays, medications, crutches, a brace and a duty status for his condition. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v.

Foti, 958 F.2d. 91 (5th Cir. 1992). Accordingly, Plaintiff's medical claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 11th day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE